**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**STATESBORO DIVISION**

DEREK WARDLAW,

            Plaintiff,

    v.

ROBERT ADAMS, JR.,

          Defendant.

CIVIL ACTION NO.: 6:18-cv-41

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, currently incarcerated at Phillips State Prison in Buford, Georgia, filed his 42 U.S.C. § 1983 Complaint in the Middle District of Georgia to contest certain events allegedly occurring in multiple correctional facilities where he was previously housed.   Doc. 1.   On June 6, 2017, the United States District Court for the Middle District of Georgia granted Plaintiff leave to proceed *in forma pauperis*.   Doc. 7.   That same court severed Plaintiff's claims relating to events occurring during his incarceration at Jenkins Correctional Facility ("JCF") in Millen, Georgia, and transferred those claims to this District.   Doc. 18.   Plaintiff subsequently filed a motion to appoint counsel, doc. 24, which the Court denied, doc. 29.   Plaintiff also filed several declarations and a "Writ of Right," docs. 23, 25, 27, 30, 31, which appear to relate to other litigation Plaintiff may have filed in state and federal courts.   These filings are largely non-sensical and require no action by or response from the Court.

The Court now conducts the requisite screening of Plaintiff's Complaint and supplements.   28 U.S.C. §1915A.   For the following reasons, I find that Plaintiff fails to state a claim against Defendant Adams, the only Defendant in this action, and **RECOMMEND** the

Court **DISMISS** Plaintiff's Complaint, **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal and **CLOSE** this case, and **DENY** Plaintiff *in forma pauperis* status on appeal.

## BACKGROUND

Plaintiff makes several unrelated allegations concerning his time at JCF.   He alleges he was forced to watch a film containing "a gay homosexual scene in it[,] and [it] violated my religious freedom belief structure."   Doc. 1 at 5.   He alleges that the cameras at the prison had symbols reminiscent of swastikas.   Id.   He also alleges that prison staff scanned mail he sent to the White House for pardon information and threatened him to "stop communicatio[n] or they would get the CIA involved."   Id. at 6.   The remainder of Plaintiff's allegations pertain to events at other correctional facilities and were not transferred to this Court.

Plaintiff only named one Defendant related to these allegations: Warden Robert Adams, Jr.   Id. at 5.   Plaintiff states only that Defendant Adams "was leading the facility[]" and that the film he was forced to watch was "the Warden's movie."   Id.   However, Plaintiff also states that the chaplain was the individual responsible for determining what stations the inmates had to watch, and he also alleges the film was illegally downloaded and brought in by the prison guards. Id.

## STANDARD OF REVIEW

Plaintiff brings this action *in forma pauperis*.   Doc. 7.   Pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b).

The Court looks to the instructions for pleading contained in the Federal Rules of Civil Procedure when reviewing a complaint on an application to proceed *in forma pauperis*.  <u>See</u> Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances).   Further, a claim is frivolous under § 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'"   <u>Napier v. Preslicka</u>, 314 F.3d 528, 531 (11th Cir. 2002) (quoting <u>Bilal v. Driver</u>, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). <u>Thompson v. Rundle</u>, 393 F. App'x 675, 678 (11th Cir. 2010).   Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).   A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.   <u>Twombly</u>, 550 U.S. at 555.   Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."   <u>Bilal</u>, 251 F.3d at 1349 (quoting <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.   <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972); <u>Boxer X v. </u>

Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent

standard than pleadings drafted by attorneys. . . .") (emphasis omitted) (quoting Hughes v. Lott,

350 F.3d 1157, 1160 (11th Cir. 2003)).   However, Plaintiff's unrepresented status will not

excuse mistakes regarding procedural rules.   McNeil v. United States, 508 U.S. 106, 113 (1993)

("We have never suggested that procedural rules in ordinary civil litigation should be interpreted

so as to excuse mistakes by those who proceed without counsel.").

**DISCUSSION**

**I.     Plaintiff's Claims**

Plaintiff fails to state any claim against Defendant Adams.   To the extent Plaintiff alleges

any constitutional violation, none of these allegations directly involve Adams.   In fact, the only

mention of Defendant Adams is Plaintiff's allegation that he "was leading the facility" and that

inmates were required to watch "the Warden's movie."   Doc. 1 at 5.   However, it is far from

clear that Adams was responsible for choosing the film, as Plaintiff also alleges the chaplain

determined what programming Plaintiff was forced to watch and that "the guards would bring in

movies they illegally downloaded and would show them to us."   Id.

Defendant Adams' only connection to Plaintiff's allegations is that Adams oversaw JCF

at the time of these events.   This is insufficient to sustain a § 1983 claim.   A supervisor may be

liable only through personal participation in the alleged constitutional violation or when there is

a causal connection between the supervisor's conduct and the alleged violations.   Brady v. Fla.

Dep't of Labor & Emp't Sec., 133 F.2d 797, 802 (11th Cir. 1998).

> To state a claim against a supervisory defendant, the plaintiff must allege (1) the
> supervisor's personal involvement in the violation of his constitutional rights, (2)
> the existence of a custom or policy that resulted in deliberate indifference to the
> plaintiff's constitutional rights, (3) facts supporting an inference that the
> supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a

history of widespread abuse that put the supervisor on notice of an alleged
deprivation that he then failed to correct.

Barr v. Gee, 437 F. App'x 865, 875 (11th Cir. 2011).   Plaintiff cannot state a claim against

Warden Allen under a theory of respondeat superior.   Liability under § 1983 must be based on

more than a defendant's supervisory position.   Bryant v. Jones, 575 F.3d 1281, 1299 (11th Cir.

2009).

Furthermore, Plaintiff's allegations, including officers placing swastika designs on prison

cameras and threatening CIA retaliation, are irrational and delusional.   When reviewing

complaints brought in forma pauperis, the Court has the unusual authority to dismiss claims

which are clearly fantastic or delusional.   Denton v. Hernandez, 504 U.S. 25, 32 (1992).   This is

appropriate where a plaintiff's allegations "rise to the level of the irrational or the wholly

incredible."   Id. at 33.   Plaintiff's allegations, alluding to a shadowy government conspiracy,

are just such claims.   See Bilal, 251 F.2d at 1350 (affirming a district court's dismissal of a

prisoner's complaint as frivolous where the prisoner alleged that a guard forced him to wear a

shocking device which contained more volts of electricity than an electric chair); Connors v. Bay

County, Case No. 5:10-cv-266, 2010 WL 5536341 (N.D. Fla. Dec. 30, 2010) (recommending

dismissal of a complaint as frivolous where the plaintiff alleged the government caused him pain

through spy satellites).

Plaintiff alleges no personal involvement by Defendant Adams in any of the actions

described in his Complaint, and the theories Plaintiff asserts are delusional.   Because Plaintiff

attempts to state a claim against Defendant Adams based solely on his supervisory position, and

because Plaintiff's allegations are fantastical on their face, I **RECOMMEND** the Court

**DISMISS** all claims against Defendant Adams, the only Defendant in this action.

**II.     Leave to Appeal *in Forma Pauperis***

Should the Court adopt my recommendation that Plaintiff's claims be dismissed, the Court should also deny Plaintiff leave to appeal *in forma pauperis*.[1]   Though Plaintiff has not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal.   Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith.   28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).   Good faith in this context must be judged by an objective standard.   Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).   A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.   See Coppedge v. United States, 369 U.S. 438, 445 (1962).   A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.   Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).   An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."   Napier, 314 F.3d at 531; see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.   Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal as to any dismissed claims.

---

[1]     A certificate of appealability is not required in this § 1983 action.

**CONCLUSION**

For the forgoing reasons, I find that Plaintiff fails to state a claim against Defendant Adams and **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint, **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal and **CLOSE** this case, and **DENY** Plaintiff *in forma pauperis* status on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered.   Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included.   Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).   A copy of the objections must be served upon all other parties to the action.   The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.   Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.   Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 6th day of June, 2019.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA